IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MATTHEW LECHER,

                                   OPINION AND ORDER

            Plaintiff,

                                      19-cv-1005-bbc

    v.

DIRECT EXPRESS and MASTERCARD
CORPORATION,

           Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se plaintiff Matthew Lecher, who is incarcerated at the Oshkosh Correctional Institution, has filed a complaint alleging that defendants Direct Express and Mastercard Corporation mishandled his fraud complaint after his debit card was stolen. Plaintiff's complaint is before the court for screening under 28 U.S.C. § 1915(e), to determine whether it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. I conclude that plaintiff's complaint must be dismissed for failure to state a claim upon which relief may be granted and for lack of subject matter jurisdiction.

OPINION

      The body of plaintiff's complaint is only a few paragraphs long and includes little context or explanation. However, I understand plaintiff to be alleging that he had a debit card with defendants on which his Social Security disability payments were made. While plaintiff was incarcerated between December 8, 2016 and February 9, 2017, his card was

1

stolen and plaintiff reported fraud in the amount of $750, plus another $759 in "worthless checks." Plaintiff is dissatisfied with defendants' handling of his complaint because they denied it on the ground that he was not entitled to the funds deposited by the Social Security Administration while he was incarcerated. He alleges that the Social Security Administration also seized $1,500 from a back payment owed to him to account for the improper overpayment, resulting in his losing money to which he was entitled. Although plaintiff has explained his problem repeatedly to defendants, they have provided no further response. Plaintiff also alleges that he has a mental disability and has experienced discrimination, but he does not identify what discriminatory actions were taken because of his disability.

Plaintiff cites no basis on which this court would have jurisdiction over his claims. A federal court's jurisdiction is generally limited to two types of suits: (1) those involving causes of action arising under federal law, known as "federal question" jurisdiction, pursuant to 28 U.S.C. § 1331; and (2) those between citizens of different states, called "diversity" jurisdiction, pursuant to 28 U.S.C. § 1332. Plaintiff does not identify any federal law that defendants allegedly violated, and I am not aware of one. The federal Fair Credit Billing Act's provisions related to correction of billing errors, 15 U.S.C. § 1666(a), is arguably relevant to plaintiff's situation, but it is not applicable in plaintiff's case. Engel v. Bank Mutual, 2018 WL 922186, at *3 (E.D. Wis. Feb. 15, 2018) (finding same in case in which plaintiff's bank refused to remove allegedly fraudulent charges). Under that statute, a card issuer must acknowledge and investigate billing complaints promptly and provide a written

2

explanation of its decision. 15 U.S.C. § 1666(a); 12 C.F.R. § 226.13. However, "a creditor has no further responsibility under [the statute] if the [card holder] continues to make substantially the same allegation with respect to such error." 15 U.S.C. § 1666(a). In this case, plaintiff alleges that defendants investigated plaintiff's reports of theft and fraud and responded to him in writing that they were denying his complaint because the funds at issue were not actually his. Therefore, his allegations do not suggest that defendants violated the Fair Credit Billing Act. Although I understand that plaintiff believes he was charged twice for the overpayment because the Social Security Administration also later withheld a portion of his benefit award, that is a matter that he would have to take up with the Social Security Administration.

Plaintiff also contends that there is diversity jurisdiction in this case under 28 U.S.C. § 1332 because he and defendants are all citizens of different states. However, in order for this court to exercise diversity jurisdiction over any state law claims that plaintiff may seek to bring (he has not identified any), the amount in controversy must be more than $75,000. Although plaintiff says that he is seeking more than $2 million for both "discrimination" and punitive damages, I am not aware of any state law that would entitle him to such relief for a loss totaling less than $2000. Entzminger v. Ford Motor Co., 47 Wis. 2d 751, 757-58, 177 N.W.2d 899, 903 (1970) (explaining that punitive damages are not allowed for breach of contract or for all torts and crimes and are generally reserved for personal torts that show malicious, outrageous or wanton disregard of personal rights and human dignity). Accordingly, I am dismissing plaintiff's complaint for his failure to state a federal claim upon

which relief may be granted and for lack of subject matter jurisdiction with respect to any state law claim.

ORDER

IT IS ORDERED that plaintiff Matthew Lecher's complaint is DISMISSED for his failure to state a claim upon which relief may be granted and for lack of subject matter jurisdiction. The clerk of court is directed to enter judgment for defendants and close this case.

Entered this 26th day of February, 2020.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge